533 P.2d 595

Tommy C. COATES et al., Claimants-
Appellants,

v.

BINGHAM MECHANICAL & METAL
PRODUCTS, INC., Employer,
and
Department of Employment, Defendants-
Respondents.

No. 11679.

Supreme Court of Idaho.

March 25, 1975.

Robert S. Moore, Boise, for claimants-appellants.

W. Anthony Park, Atty. Gen., R. LaVar Marsh, Raymond Malouf, Asst. Attys. Gen., Boise, for defendants-respondents.

DONALDSON, Justice.

The issue brought before the Court by this appeal is whether the Industrial Commission of the State of Idaho was correct in its determination that the claimants in this action for unemployment insurance benefits were ineligible for such benefits because they had voluntarily left their employment without good cause. For the reasons stated below, the order of the Industrial Commission is reversed.

Tommy C. Coates, William J. McCormick, Merl E. Tuning, and James O. Johnson, the claimants, hereinafter referred to as "appellants," were employed by Bingham Mechanical and Metal, Incorporated, of Idaho Falls, Idaho, as sheet metal workers. The appellants were either members of the sheet metal workers union or temporarily under the union's jurisdiction at the time of their employment by Bingham. The J. R. Simplot Company had orally engaged Bingham and several other subcontractors on a time and materials basis for various projects in connection with a food processing plant in Caldwell, Idaho. The oral contract was of no specific duration, but the record indicates that work was expected to be available through the month of December.

On October 30, 1973, non-union sheet metal workers were brought onto the work site by Wes' Welding, another subcontractor. Prior to this, Wes' Welding had been the subject of various unsuccessful attempts at organization by the union. To call attention to the presence of the non-

union workers, the appellants and other union members walked off the job site. According to the record, the imminent arrival of the non-union workers had been a matter of concern for the union members during the fall months because they felt the non-union workers did not receive comparable wages, and did not perform the same quality of work. The contract between Bingham and the union provides for such protest walk-offs subject to certain grievance procedures.

The day following the walkout, the foreman, appellant Merl Tuning, returned to the site to determine when the appellants were to resume work. He was told that Bingham decided the job was over at Simplot, and the appellants were without a job. The employees of the other subcontractors returned to work at Simplot on November 1, 1973.

The appellants subsequently applied for unemployment insurance benefits. The applications were denied by Claim Examiners of the Department of Employment upon the determination that the appellants were ineligible for unemployment insurance benefits due to the provisions of I.C. § 72–1366(f), which reads as follows:

"The personal eligibility conditions of a benefit claimant are that—

\* \* \* \* \* \*

(f) His unemployment is not due to the fact that he left his employment voluntarily without good cause \* \* \*.

\* \* \*"

The conclusions of the Claims Examiners were upheld upon subsequent review by an Appeals Examiner and the Industrial Commission.

Thus, the threshold question is whether the Industrial Commission is correct in its Conclusion of Law which reads as follows:

"The claimants' unemployment is a direct result of their having voluntarily left work to protest the use of non-union personnel by Simplot. The walkout directly resulted in the termination of the agreement by which the employer was performing work at Simplot, and the claimants were left without employment when this agreement terminated. *Since the claimants' unemployment was due to having left work voluntarily* \* \* \*." (emphasis added)

In answer to this initial question the Court must reply that the Industrial Commission is in error in its conclusion.

■ The case of Totorica v. Western Equipment Co., 88 Idaho 534, 401 P.2d 817 (1965), required the determination of whether a temporary absence from a job site due to a labor dispute equaled the statutory requirement of the employee having "left his employment \* \* \*." In holding that the temporary absence did not disqualify the claimant for unemployment insurance benefits, this Court cited with approval the following text from Inter-Island Reports, Ltd. v. Akahane, 46 Haw. 140, 377 P.2d 715 (1962):

"'Moreover, the terms "leaving work" or "left his work" as used in unemployment compensation laws refer only to a severance of the employment relation and do not include a temporary interruption in the performance of services. \* \* \* *Absence from the job is not a leaving of work where the worker intends merely a temporary interruption in the employment* \* \* \* *relation.* Such is the case of strikers who have temporarily interrupted their employment because of a labor dispute. Under the prevailing view, they have not been deemed to have terminated the employment relationship and the voluntarily leaving disqualification has no application to them.'" 88 Idaho 534, 542, 401 P.2d 817, 821. (emphasis added)

While the case now before the Court does not involve a formal, union promoted labor dispute as did *Totorica*, the analysis as to statutory interpretation is applicable.

In resolving the issue of the appellants' intent, it is necessary only to refer to the Industrial Commission's Finding of Fact VII where the Commission found that

"[t]he claimants did not intend by their work stoppage to terminate their employment with Bingham." The record is clear that the appellants expected the work to last at Simplot through December based upon the assurances of the employee's superintendent and supported by the arrangement between the employer and Simplot. They had no grievance against Bingham, they only wished to illustrate to Simplot their displeasure with the hiring of non-union workers, and they gave Bingham's job site superintendent ample notice of their intent to express this displeasure by a protest walkout. Furthermore, the very next day after the walkout they attempted to determine when they should come back to work.

Since the appellants did not leave their employment in the sense required by I.C. § 72–1366(f), the subsequent conclusion of law by the Commission that the walkout precipitated Bingham's withdrawal from the job is immaterial and is no basis for denial of employment insurance benefits. The statute, as interpreted by *Totorica*, requires an intent to leave the employment. Absent the necessary intent, the ramifications of the action should not be considered.[1] Clearly the statute is so worded as to preclude an employee from voluntarily quitting a job and subsequently applying for unemployment benefits. The Commission itself determined that the appellants did not intend to quit their jobs.

The respondents argue that the interpretation of I.C. § 72–1366(f) in *Totorica* is merely *dicta,* and therefore not controlling. A reading of the case reveals that the interpretation of the statute in *Totorica* was dispositive of an assignment of error, and indeed vital to the holding. Moreover, to argue that *Totorica* involves a formal strike rather than an informal walkout and thus not on point is to find a distinction without a difference.

For those reasons, the order of the Industrial Commission denying the appellants unemployment insurance benefits is reversed. Costs to appellants.

McQUADE, C. J., BAKES, J., and SCOGGIN, D. J., Retired, concur.

SHEPARD, J., dissents without opinion.

---

1. It is this issue of intent that distinguishes this case from Johns v. S. H. Kress & Company, 78 Idaho 544, 307 P.2d 217 (1957), where in the record indicates the employee was fully aware that her actions would in all probability result in dismissal.